UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD D. H.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. C26-5680-BAT<br><br>**ORDER REVERSING AND REMANDING** |

Plaintiff appeals the ALJ's non-disability decision, contending the ALJ erred at step-five. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

At step-five, the ALJ found based upon the testimony of the Vocational Expert (VE) there are a combined total of 67,000 folder, laundry sorter and bagger jobs Plaintiff can perform, and in reliance found Plaintiff not disabled. Tr. 30. Counsel sought review and submitted to the Appeals Council (AC) Job Browser Pro evidence that there are only a total of 1,725 jobs for the three jobs; the Appeals Council made counsel's submission part of the record. *See* Exhibit 19E, starting at Tr. 301. The Commissioner does not dispute Plaintiff's assertions but agues the Court should affirm.

The Commissioner argues the VE identified the sources of data upon which she relied and described the general approach used in estimating job numbers as required by Social Security Ruling 24-3p. But this argument does not address or contradict the evidence Plaintiff presented to the Appeals Council. The Commissioner also argues, Plaintiff failed to challenge the VE's testimony at the hearing the ALJ held and waived the challenge. This argument fails. *See White v. Kijakazi,* 44 F.4th 828, 837 (9th Cir. 2022) (Claimant challenging a VE testimony for the first time in the Appeals Council has not waived the challenge when the Appeals Council makes evidence supporting the challenge part of the record.).

The Court finds the Job Pro Browser evidence Plaintiff submitted to the Appeals Council is significant and probative because it is a data source that is frequently and widely relied on by VE's and must be considered on remand. *See e.g. Wischman v. Kijakazi*, 68 F.4th 498, 501 (9th Cir. 2023). While the Commissioner contends Plaintiff's data bear further scrutiny and may not accurately set forth the number of jobs available, the contention is not grounds to reject the data and highlights the need for remand and further expert factual assessment and evaluation. The Court accordingly remands the case. Plaintiff asks the Court to remand for an award of benefits but fails to show further proceedings would not be helpful. The Court finds the issue of whether there are a sufficient number of jobs Plaintiff can perform requires further assessment and expert testimony and thus remand for further proceedings.

The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess whether there are jobs in sufficient numbers Plaintiff can perform and develop the record with expert testimony in this regard.

DATED this 24th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge